NO. 07-02-0112-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 20, 2005



______________________________




JOHN J. HINDERA, APPELLANT



V.



NELSON DOMETRIUS, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-507,408; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 Pending before this Court is the second motion to dismiss of appellee Nelson
Dometrius. By order dated July 10, 2003, this Court denied appellant John J. Hindera's
motion to reinstate this appeal and Dometrius's motion to dismiss citing insufficient
documentation that Hindera's stay in bankruptcy had been lifted. Hindera, proceeding pro
se, filed a supplemental motion to reinstate the appeal accompanied by an order from the
Western District of Texas United States Bankruptcy Court entitled "Discharge of Debtor." 
However, because no certified copy of an order from the bankruptcy court lifting or
terminating the stay was included as required by Rule 8.3(a) of the Texas Rules of
Appellate Procedure, Hindera's supplemental motion was denied without prejudice by order
dated August 20, 2003.

 This appeal remains on the Court's docket and was inactive until December 13,
2004, when Dometrius filed a second motion to dismiss noting Hindera's failure to pursue
this appeal for over 15 months. Referring back to Hindera's supplemental motion to
reinstate filed on August 4, 2003, he indicated he would most likely be unable to provide
this Court with a copy of the bankruptcy court's order lifting the stay without a request and
payment of a fee to reopen the bankruptcy case. Given the circumstances and lengthy
delay we now apply Rule 2 of the Texas Rules of Appellate Procedure, suspend the
operation of Rule 8.3(a), and sua sponte reinstate this appeal. Hindera is notified that
failure to take action in this appeal by (10 days) will result in dismissal for want of
prosecution. Tex. R. App. P. 42.3(b). A ruling on Dometrius's motion to dismiss remains
pending expiration of the ten day deadline.

 It is so ordered.

 Per Curiam



AN> pursuant to Rules 38.8(a)(1) and 42.3(b) of the Texas Rules of Appellate
Procedure. To date this Court has received neither a brief nor another request for
extension of time to file Appellant's brief. 

 Having failed to meet any of the four previous deadlines for the filing of Appellant's
brief, the appeal is dismissed.


 Per Curiam